IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 03-71 |
| | ) | |
| OMAR SHAHEED, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION**

Pending before the court is a motion filed by counsel on behalf of Omar Shaheed ("Shaheed") for immediate reduction of sentence to "time served"[1] (ECF No. 388). Shaheed, who is incarcerated at FCI-Yazoo City, Mississippi, seeks compassionate release for "extraordinary and compelling reasons" pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), due to the Covid-19 virus.[2] The government filed an expedited response opposing the motion (ECF No. 391).

Shaheed stated he is 49 years old but did not identify any underlying health conditions or reasons why he may be uniquely susceptible to Covid-19. He is not eligible for a halfway house or home confinement because there is a Pennsylvania parole violation detainer on him (ECF No. 388).

As the government correctly points out, on April 2, 2020, the United States Court of Appeals for the Third Circuit addressed a procedurally similar motion in a precedential opinion in *United States v. Raia*, No. 20-1033, 954 F.3d 594 (3d Cir., Apr. 2, 2020). In *Raia*, the court of

---

[1] Shaheed is serving a 327-month prison term. He states that his release date is December 12, 2020, approximately 9 months after he filed the motion, and seeks a reduction to 228 months.
[2] Shaheed's motion references a tuberculosis outbreak that occurred in 2018, but the court does not interpret that event as a ground for his release at this time.

appeals held that courts cannot consider requests for compassionate release under the First Step Act until a prisoner has exhausted his administrative remedies, including allowing 30 days for the Bureau of Prisons ("BOP") to respond to a request for release.

Shaheed did not provide any evidence that he exhausted his administrative remedies. One of the purposes in requiring prisoners to exhaust their administrative remedies before bringing a claim in federal court is to give the BOP an opportunity to address the issue. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). In *Raia*, the court of appeals emphasized the BOP's statutory role and extensive efforts to control the spread of Covid-19 and held that the "exhaustion requirement takes on added – and critical – importance." *Raia*, 954 F.3d at 597. As mandated by the court of appeals in *Raia*, the BOP must be given an opportunity to address Shaheed's request for release due to the Covid-19 virus before he can seek relief in this court.

In accordance with the foregoing, Shaheed's motion for compassionate release (ECF No. 388) must be DENIED for failure to exhaust his administrative remedies.

An appropriate order will be entered.

Dated:  May 5, 2020.

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge
